UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SAMUEL RICHARDSON | * | CIVIL ACTION NO. 2:22-cv-1780 |
| VERSUS | * | |
| AMBRIDGE HOSPITALITY, LLC D/B/A HAMPTON INN & SUITES NEW ORLEANS DOWNTOWN LOCATED AT 226 CARONDELET STREET and ROBERTO HERNANDEZ | * * * | JUDGE ELDON E. FALLON |
| | * | MAG. JUDGE KAREN WELLS ROBY |
| *   *   *   *   *   *   * | | |

**NOTICE OF REMOVAL OF CIVIL ACTION NO. 2021-6587 FROM THE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS, STATE OF LOUISIANA**

Defendant, Aimbridge Hospitality, LLC ("Aimbridge"), through undersigned counsel, hereby gives notice of the removal of this action from Civil District Court for the Parish of Orleans, State of Louisiana to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§1441 and 1446.

**BASIS FOR REMOVAL**

1.

Aimbridge is a defendant in a civil action in Civil District Court for the Parish of Orleans, State of Louisiana, entitled *Samuel Richardson v. Ambridge Hospitality, LLC D/B/A Hampton Inn & Suites New Orleans Downtown Located At 226 Carondelet Street, et al.*, bearing Civil Action No. 2021-6587.

2.

A copy of the entire state court record is attached hereto as Exhibit A.

3.

The action was commenced by the filing of the Petition for Damages by Plaintiff on or about August 3, 2021. "Ambridge Hospitality, LLC" and "Roberto Hernandez" were named in the original Petition for Damages but service was never effected on any defendant. Plaintiff amended his Petition for Damages on April 25, 2022, correcting the named defendant to Aimbridge Hospitality, LLC and adding MaryAnne Warwick as a defendant.

4.

This notice of removal is timely because it is filed by Aimbridge within thirty (30) days of service of the Petition for Damages and First Supplemental and Amending Petition for Damages on June 1, 2022. Aimbridge did not have notice of and was not served with either the Petition for Damages or the First Supplemental and Amending Petition for Damages prior to June 1, 2022.

5.

Plaintiff's action is a civil action that falls under this Court's original jurisdiction pursuant to 28 U.S.C. §1332 (diversity of citizenship), and is one that may be removed to this Court by Aimbridge pursuant to the provisions of 28 U.S.C. §1446(a).

**BASIS FOR DIVERSITY JURISDICTION**

6.

This case is removable under 28 U.S.C. §1446 because this Court has original jurisdiction over this case under 28 U.S.C. §1332(a), which provides, in pertinent part:

2

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

    (1) citizens of different States;

    (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

28 U.S.C. §1332(a).

<u>Diversity of Citizenship</u>

7.

The controversy between Plaintiff and Aimbridge is a controversy between citizens of different states.

(a) In their Petition for Damages, Plaintiff alleges he is a "resident" of the Orleans Parish in the State of Louisiana. See introductory paragraph of the Petition for Damages. Plaintiff does not identify his citizenship, but Aimbridge presumes that Plaintiff is a Louisiana citizen.

(b) Aimbridge is a Delaware limited liability company with its principal place of business at 5301 Headquarters Drive, Plano, TX 75024. None of its members, corporate or individual, is a citizen of the State of Louisiana.

(c)     MaryAnne Warwick is a citizen of Louisiana.  However, Ms. Warwick's citizenship should be disregarded because she was improperly joined.

(d)     Plaintiffs allege that Roberto Hernandez is a citizen of Louisiana.  However, Mr. Hernandez's citizenship should be disregarded because he was improperly joined.

(e)     Aimbridge is not the proper defendant in this case.  Aimbridge's affiliate, Interstate Management Company, LLC ("Interstate"), was the management company operating the hotel at time of Plaintiff's alleged accident.  To the extent required and relevant, Interstate is a Delaware limited liability company with its principal place of business at 5301 Headquarters Drive, Plano, TX 75024.  None of its members, corporate or individual, is a citizen of the State of Louisiana.

Amount in Controversy

8.

Pursuant to La. Code Civ. Proc. Art. 893, no damage amount is alleged in Plaintiffs' Petition for Damages.  There has been no stipulation that damages do not exceed $75,000.

Plaintiff alleges that as a result of his alleged accident, he sustained "an acute cervical strain/sprain, right elbow contusion, disc herniation, bulge at L3-L4, disc herniation at L4-5, and injury to the muscle, nerves, tissues, joints and disc[s] of lumbar and cervical spine."  Petition at ¶XV.

Although Aimbridge denies liability and the extent of injury, based upon Plaintiff's allegations, the amount in controversy exceeds $75,000.

<u>Consent of Properly Served Defendants</u>

9.

Although improperly joined and her consent is not necessary, MaryAnne Warwick, who is also represented by undersigned counsel, consents to the removal of this case to this Court.

Mr. Hernandez was improperly joined and has not been served as of the time of this filing. Thus, his consent is not required.

To the extent necessary, Interstate has not been named or served but consents to the removal of this case to this Court.

<u>Improper Joinder</u>

10.

At the outset, Aimbridge acknowledges that Ms. Warwick's citizenship and perhaps Mr. Hernandez's citizenship may be an impediment to diversity jurisdiction. However, both Ms. Warwick and Mr. Hernandez were improperly named and joined in the lawsuit because Plaintiff has no cause of action against either.

As to Ms. Warwick, she is alleged to have been the general manager at the time of Plaintiff's accident. However, Ms. Warwick was not employed by Aimbridge at the time of Plaintiff's accident and did not become employed by Interstate or work at the hotel until January 2021, four (4) months after Plaintiff's alleged accident on August 27, 2021. Further, under Louisiana law, there is no cause of action against a manager for failing to train employees. *Henry v. O'Charley's, Inc.*, 861 F.Supp.2d 767, 771-773 (W.D. La. 2012).

As to Mr. Hernandez, neither Interstate nor Aimbridge has any record of any such person being employed by either at the time of Plaintiff's alleged accident.

Because Plaintiff has no cause of action against either Ms. Warwick or Mr. Hernandez, they were improperly named and/or joined in this matter, and their citizenship and does not destroy diversity because the citizenship of the remaining defendant is diverse from Plaintiff.

**REMOVAL TO THIS DISTRICT IS PROPER**

11.

Pursuant to 28 U.S.C. §1441 (a), the removal of this action to this Court is proper as this Court sits in the judicial district embracing the place where the action is pending.   See 28 U.S.C. §98(a).

12.

Therefore, pursuant to 28 U.S.C. §§1332, 1441, and 1446, removal of this action from Civil District Court for the Parish of Orleans, State of Louisiana is proper.

13.

Aimbridge hereby reserves the right to amend or supplement this Notice of Removal.

14.

Aimbridge is providing Plaintiff, through his counsel, written notice of the filing of this Notice of Removal as required by 28 U.S.C. §1446(d).  Further, Aimbridge is filing a copy of this Notice of Removal with the Clerk of Civil District Court for the Parish of Orleans, State of Louisiana, where this action is currently pending.

WHEREFORE, because this Court may exercise federal subject matter jurisdiction over plaintiffs' action pursuant to 28 U.S.C. §1332, removal is appropriate under 28 U.S.C. §§1441 and 1446.

Respectfully submitted,

/s/ Thomas A. Rayer, Jr.
_____
THOMAS A. RAYER, JR. (#20581)
CHRISTIAN J. ST. MARTIN (#38900
**WAGNER, BAGOT & RAYER, LLP**
601 Poydras Street, Suite 1660
New Orleans, Louisiana 70130
Telephone: (504) 525-2141
Facsimile: (504) 523-1587
**Attorneys for Aimbridge Hospitality, LLC and MaryAnne Warwick**

## CERTIFICATE OF SERVICE

I do hereby certify that I have this 16th day of June 2022 served copies of this *Notice of Removal of Civil Action No. 2016-8364 from the Civil District Court for the Parish of Orleans, State of Louisiana* to all counsel to receive service via e-mail, facsimile and/or by U.S. mail, properly addressed, and first class postage prepaid.

/s/ Thomas A. Rayer, Jr.
_____
Thomas A. Rayer, Jr.

G:\692-31\FW\PLDG\0001